# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RUSTY115 CORP.; HOPOP CORP.; DAVIDPOP CORP.; RUSTYPOP CORP.; DARUSTY CORP.; MONCLER MOTORS, LLC; BOE 25014, LLC; BOE 30868, LLC; BOE 30874, LLC; BOE 30875, LLC; BOE 34432, LLC; DASH 4542 LLC; DASH 4554 LLC; DASH 4555 LLC; CMG 777 ESCROW3, LLC; CMG 777 ESCROW4, LLC; CMG 777 ESCROW5, LLC; CMG DHC8ESCROW7, LLC; BAYSIDE SUPPORT SERVICES, LLC; CCUR HOLDINGS, INC.; CCUR AVIATION FINANCE LLC; AND EDIDIN PARTNERS LLC, <br><br>    Plaintiffs,<br><br> v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No. CV _____<br><br>**NOTICE OF REMOVAL OF DEFENDANT BANK OF AMERICA, N.A.**<br><br>(28 U.S.C. §§ 1332, 1441, and 1446)<br><br>(Miami-Dade County Circuit Court Local Case No. 2022-012171-CA (43))<br><br>Complaint Served: July 12, 2022<br>Removal Date: August 10, 2022 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bank of America, N.A. ("BANA") hereby files this Notice of Removal (the "Notice"), removing the action brought by the above-captioned parties (each a "Plaintiff" and, collectively, the "Plaintiffs") from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the action is currently pending, to this Court. Removal is proper because this Notice is timely filed within thirty days of BANA's receipt of the initial pleading, and this Court has original jurisdiction over this action because Plaintiffs and BANA are citizens of different states, and the amount in controversy of the state court action exceeds $75,000. *See* 28 U.S.C. § 1332; 28 U.S.C. § 1446(b)(1).

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. Plaintiffs brought the state-court action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled and captioned as above. The action was designated Local Case No. 2022-012171-CA (43), and was assigned to Judge Michael A. Hanzman. On July 12, 2022, BANA was served with a Summons and Complaint by a process server, copies of which are attached hereto as **Exhibit A**.[1] On July 21, 2022, the Circuit Court issued an order requiring compliance with Florida's Complex Business Litigation Section, and set the initial Case Management Conference for November 4, 2022. On July 27,

---

[1] Pursuant to 28 U.S.C. §1446(a) and Section 5-H of the Southern District of Florida's Civil Filing Requirements, **Exhibit B** includes the docket sheet of the state court action, as well as all "process, pleadings, and orders" served upon BANA to date, including the as-filed Summons and Complaint.

2022, BANA filed an unopposed motion to extend the deadline to answer or otherwise respond to the Complaint to August 31, 2022. The Circuit Court granted that motion on July 28, 2022.

2. In the Complaint, Plaintiffs allege they were mislead into investing in fraudulent aircraft transactions, orchestrated by Wright Brothers Aviation Title, Inc. ("Wright Brothers") and South Aviation, Inc. ("South Aviation") as part of a multi-million dollar "Ponzi scheme." In addition, Plaintiffs allege they invested with Wright Brothers based on representations contained in various "comfort" and "balance verification" letters that BANA allegedly issued regarding certain Wright Brothers accounts at BANA. *See* Compl., ¶¶ 1-4; 74-90.

3. The Complaint asserts seven causes of action against BANA: (i) constructive fraud; (ii) actual fraud; (iii) aiding and abetting fraud; (iv) aiding and abetting breach of fiduciary duty; (v) negligent misrepresentation; (vi) a violation of Section 552 of Restatement Second of Torts; and (vii) negligence. Compl., ¶¶ 91-175.

4. Plaintiffs pray for relief in the form of a damages totaling "at least" $167,875,000, plus interest; leave to seek punitive damages; and a judgment awarding attorney's fees and other costs. *See id.*, ¶ 175.

5. This Notice is timely because it is filed within thirty days of service of the Complaint on BANA. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C) & (a)(6)(A).

## JURISDICTION AND BASIS FOR REMOVAL

6. The state court action is removable pursuant to 28 U.S.C. § 1441 because it is an action over which this Court has original jurisdiction.

7. This Court possesses original diversity jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action between citizens of different states where the amount

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## The Parties Are Completely Diverse

8.  For purposes of diversity jurisdiction, a limited liability company ("LLC") takes on the citizenship of each of its members. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1221 (11th Cir. 2017). A corporation has dual citizenship—it is a citizen of its place of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 (11th Cir. 2005); *Idearc Media Corp. v. TSG Media, Inc.*, 2009 WL 546433, at *1 (S.D. Fla. Mar. 4, 2009). Finally, for purposes of citizenship, a national bank, like BANA, is a citizen ***only*** of the state in which its main office, as designated in its articles of association, is located. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 313 (2006); *Orton v. Mathews*, 572 F. App'x 830, 831 (11th Cir. 2014); *Kearney v. Valley Nat'l Bank*, 2021 WL 1895882, at *1 (M.D. Fla. May 11, 2021); *see also* 28 U.S.C. §1348.

9.  BANA is a federally chartered national banking association formed and existing under the laws of the United States. BANA's main office, as set forth in its articles of association, and as Plaintiffs acknowledge in the Complaint, is in North Carolina. *See* Compl., ¶11; *Orton v. Mathews*, 572 F. App'x 830, 831 (11th Cir. 2014).

10. According to the Complaint, each Plaintiff corporation is incorporated in the State of Florida, and each has its principal place of business in either the State of Florida or the State of Texas. *See* Compl., ¶¶ 5-10.

11. Also according to the Complaint, each Plaintiff LLC has its "principal place of business" in either the State of Florida or the State of Texas. *See* Compl., ¶¶ 5-10. But as the Eleventh Circuit has explained, an LLC's citizenship is determined by each of its members, not the LLC's "principal place of business." *Bluestem Brands, Inc.*, 851 F.3d at 1221. The Complaint

does not specifically list the registered members of each Plaintiff LLC.

12. Based on its investigation and due diligence to date, BANA concludes that no currently registered member of any Plaintiff LLC is a citizen of North Carolina as of the date of this filing. *See Showan v. Pressdee*, 922 F.3d 1211, 1214 n.1 (11th Cir. 2019); *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).

13. In reaching this conclusion, BANA (i) reviewed available records and filings from the Florida Secretary of State; (ii) conducted a reasonably diligent search of other state and federal dockets—both past and currently pending—involving any of the Plaintiff LLCs; and (iii) where applicable, reviewed complaints and other filings from those actions to determine if there was any additional membership information for any of the Plaintiff LLCs.

14. Based on this investigation, BANA understands that none of the Plaintiffs are a citizen of the same state as BANA (*i.e.*, North Carolina) as of the date of this filing, and therefore complete diversity exists.

## The Amount In Controversy Exceeds $75,000

15. The "amount in controversy" for purposes of diversity jurisdiction is determined from the face of the pleadings. *See Musser v. Walmart Stores E., L.P.*, 2017 WL 1337477, at *2 (S.D. Fla. Apr. 12, 2017); *Med. & Exec. Offs. of Aventura, LLC v. Great Lakes Ins. SE,* 2022 WL 1537130, at *2 (S.D. Fla. May 13, 2022).

16. In their Complaint, Plaintiffs seek damages of "at least" $167,875,000, plus interest—an amount clearly in excess of $75,000. *See id.*, *see also* Compl., ¶ 175.

17. Because there is complete diversity among the parties, and the amount in controversy exceeds $75,000, exclusive of costs and interest, this Court has original diversity

jurisdiction over the state court action and removal is proper.

## VENUE

18.     Plaintiff's state-court action was commenced in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a), may be removed to the United States District Court for the Southern District of Florida, which embraces Miami-Dade County within its jurisdiction.

## OTHER PROCEDURAL REQUIREMENTS

19.     *Joinder*.  No consent to removal is necessary because, as of the time of this filing, no other defendants have been named or properly served.  *See Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008).

20.     *Notice*.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served upon Plaintiffs, and will be filed with the Clerk of Court for the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## CONCLUSION

21.     For the reasons stated above, this action is within this Court's original jurisdiction and meets all the requirements for removal; removal is thus proper under 28 U.S.C. §§ 1332, 1441(b), and 1446.  Accordingly, BANA respectfully removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court.

Dated: August 10, 2022

Respectfully submitted,

HOGAN LOVELLS US LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131
305-459-6500 – Telephone
305-459-6550 – Facsimile

By: /s/ Allen P. Pegg
Allen P. Pegg
Florida Bar No. 597821
allen.pegg@hoganlovells.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2022, the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

By: */s/ Allen P. Pegg*
Allen P. Pegg
Florida Bar No. 597821
allen.pegg@hoganlovells.com